COMMONWEALTH *vs.* SHILLABER HALEY.

A landlord, having the right of immediate possession, may take it without legal process if he can do so peaceably; but he has no right forcibly to remove his tenant's goods or to commit an assault upon him in doing so.

INDICTMENT for an assault and battery with a hatchet upon John Webber.

At the trial in the superior court, before *Ames*, J., it appeared that Webber had been a tenant at will of the defendant, occupying with his family certain chambers in a dwelling-house in Salem belonging to the defendant and occupied by several tenants, having one front door and staircase common to them all; and, the rent being in arrear, Webber had been duly notified to quit, and at the expiration of the notice the defendant went with his son into Webber's room and told him that he must move out, to which Webber replied that he could not go on that day

because his child was too sick, and the defendant said, " Then I will move you," and directed his son to put up a ladder on the outside in order to take out the windows, and took the door off from its hinges, and began to take and carry out the chairs belonging to Webber, but Webber resisted him, and a scuffle ensued, in the course of which Webber received a cut upon the forehead from a hatchet which the defendant had in his hand, and shortly after by-standers interfered and put an end to the affray.

The defendant requested the court to instruct the jury that under the notice the tenant's right of possession was at an end, and the landlord had a right to enter and take peaceable possession, and if he got into the tenement unopposed he was in peaceable possession, and if in peaceable possession he had a right to remove the tenant's goods, and, if the tenant resisted such removal, the landlord had a right to oppose force with force. The judge declined so to rule, and instructed the jury that the tenant's right of possession was at an end; that the defendant might then regain possession either by suing out the summary process provided by statute, or by actual entry; that the latter mode of resuming possession is a qualified and carefully limited right; that he had a right to resume possession without process if he could do so without a breach of the peace; that his right to take out the windows and doors and to remove the tenant's property depended on the contingency of his being able to do so without opposition or resistance; that, on being resisted, and finding that he could not remove the furniture or door without a breach of the peace, it became his duty immediately to desist from the attempt; and that he had no right to eject Webber by actual force, although regular notice to quit had been given.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. W. Kimball,* for the defendant, cited *Ellis* v. *Paige,* 1 Pick. 43; *Curl* v. *Lowell,* 19 Pick. 25; *Meader* v. *Stone,* 7 Met. 147; *Howard* v. *Merriam,* 5 Cush. 563; *Fifty Associates* v. *Howland,* Ib. 214; *Rising* v. *Stannard,* 17 Mass. 282; *Dorrell* v. *Johnson,*

17 Pick. 263; *Benedict* v. *Morse*, 10 Met. 223 ; *Curtis* v. *Galvin*, 1 Allen, 215 ; *Danforth* v. *Sargeant*, 14 Mass. 491.

*Foster*, A. G., for the Commonwealth, cited, in addition to some of the foregoing cases, *Sampson* v. *Henry*, 11 Pick. 387 ; *Hyatt* v. *Wood*, 4 Johns. 150 ; *Taylor* v. *Cole*, 3 T. R. 292; *Taunton* v. *Costar*, 7 T. R. 431 ; *The King* v. *Wilson*, 8 T. R. 361 ; 1 Washburn on Real Prop. 396.

BY THE COURT. The instructions to the jury were, in every particular, precisely conformed to the law.

*Exceptions overruled.*